### SAMUEL V. DAVIS v. WALTER L. MINCH AND L. WILLARD MINCH, TRADING AS MINCH BROS.

Submitted March 18, 1910—Decided June 13, 1910.

1. While partnership accounts remain unsettled, and no balance has been struck, though the partnership has been dissolved, no action at law can be maintained by one partner against another, except an action of account.
2. Facts not sufficiently pleaded are not admitted by a demurrer.

---

On demurrer to replication.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and VOORHEES.

For the defendants, *Walter H. Bacon.*

For the plaintiff, *Carrow & Kraft.*

The opinion of the court was delivered by

VOORHEES, J.    In this action, brought against Walter L. Minch and L. Willard Minch, as partners, the plaintiff has declared on the common counts.

The defendants have pleaded *non-assumpsit,* together with a special plea that the "supposed promises in the declaration

mentioned were made by them, the said defendants, together with the said plaintiff jointly, and not by them, the said defendants, separately from and without the said plaintiff."

To this special plea the plaintiff replied that "at the time of the said several promises, the said plaintiff and the said defendants were partners and said promises in the form of notes were given by said partners to said plaintiffs for moneys loaned and advanced by the plaintiff to said firm beyond the capital which he agreed to contribute to said firm, and that said partnership was dissolved by mutual consent, and said plaintiff is a creditor of said defendants in the sums mentioned in the declaration," to which replication the defendants demur.

The replication admits that the promises sued upon were the joint promises of all the partners, both plaintiff and defendants as partners.

While partnership accounts remain unsettled, and no balance has been struck, though the partnership has been dissolved, no action at law can be maintained by one partner against another, except an action of account; nor will an action lie for money had and received by the firm or lent to the firm of which the plaintiff was a member, for such advance only forms an item in the partnership account. *Gulick* v. *Gulick*, 2 *Gr.* 578. See cases collected in 2 *Lind. Part.* 567 *et seq.*

In *Sieghortner* v. *Weissenborn*, 5 *C. E. Gr.* 172, where a partner had advanced money to a firm of which he was a member, by way of loan, beyond the amount which he had agreed to contribute, it was held that while he was a creditor of the firm, yet the demand being against a firm of which he was a member, the demand could not be enforced at law, and his only relief was in equity.

The allegation that the plaintiff is a creditor of the defendants is a legal conclusion of the pleader. This fact, not being sufficiently pleaded, is not admitted by the demurrer. *Coxe* v. *Gulick*, 5 *Halst.* 328.

The defendants are entitled to judgment upon the demurrer.